IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JOHN FACENDA, JR., executor of the estate of John Facenda and JOHN FACENDA, JR., in his own right | : | CIVIL ACTION |
| v. | : | |
| N.F.L. FILMS, INC., et al. | : | NO. 06-3128 |

FILED

MAY 2 4 2007

MICHAEL E. KUNZ, Clerk
By_____Dep. Clerk

ORDER AND OPINION

JACOB P. HART
UNITED STATES MAGISTRATE JUDGE

DATE: May 24, 2007

In this action, John Facenda, Jr., in his own right and as executor of the estate of his father, John Facenda, (herein, "Facenda"), sued NFL Films, Inc., The National Football League, and N.F.L. Properties, LLC, (collectively "NFL"), in connection with the use of recordings of the voice of the late Mr. Facenda in a film about the sports computer-simulation game, Madden NFL 06. The parties filed cross-motions for summary judgment. On May 3, 2007, I granted summary judgment to Facenda as to liability on his claim for unauthorized use of name or likeness under 42 Pa. C.S.A. § 8316, and his claim under Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a). I planned to schedule a jury trial on the issue of damages.

Defendants now request certification for interlocutory appeal and a stay of these proceedings. As explained below, I will grant their motion.

I.   Factual Background

NFL seeks to raise two issues on appeal. The first is whether, in order to pursue his claim of false endorsement under the Lanham Act, Facenda should have been required to produce evidence that a substantial percentage of the viewers of the program "The Making of Madden NFL 06" received a message of endorsement by John Facenda or his estate. In my May 3, 2007,

decision, I held that actual consumer confusion was only one of many factors to be considered, and granted summary judgment in favor of Facenda on the Lanham Act claim despite the absence of such evidence.

The second issue identified by NFL is whether Facenda's claim under 42 Pa. C.S.A. § 8316 should have been held preempted by federal copyright law. NFL argues that a recorded performance of a copyrighted work, (here, a script), which was incorporated into another copyrighted work (here, a television program), can only give rise to a copyright claim. According to NFL, a state claim for unauthorized use of name or likeness would be preempted.

I ruled that the state claim was not preempted by copyright law because a written agreement between John Facenda and NFL limited the scope of NFL's copyright in Facenda's scripts. The NFL argued, however, that the only remedy for a violation of that agreement would be a breach of contract action and not an action under § 8316.

II.   Legal Standards

The federal statute concerning interlocutory review states, in relevant part:

> When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order. The Court of Appeals which would have jurisdiction of an appeal of such action may thereupon, in its discretion, permit an appeal to be taken from such order, if application is made to it within ten days after the entry of the order: *Provided, however,* That application for an appeal hereunder shall not stay proceedings in the district court unless the district judge or the Court of Appeals or a judge thereof shall so order.

28 U.S.C. § 1292(b). A district court may also amend its order in response to a party's motion, to certify an interlocutory appeal. See Fed. R. App. P. 5(a)(3).

2

Thus, a district court will certify a case for interlocutory appeal where these three criteria are met: (1) the order involves a controlling question of law; (2) there is substantial ground for difference of opinion; and (3) an immediate appeal may materially advance the ultimate termination of the litigation. Katz v. Carte Blanche Corp., 496 F.2d 747, 754 (3d Cir. 1974). The Court of Appeals may then hear the appeal, in its discretion.

II.   Discussion

A.   Controlling Questions of Law

A controlling question of law is one which would result in a reversal of a judgment after final hearing. Katz v. Carte Blanche Corp., supra, at 755. Both of the issues raised by NFL are controlling questions of law. If NFL were to prevail on the first issue, as to the evidence required in a Lanham Act false endorsement case, my finding in favor of Facenda on his Lanham Act claim would be reversed, since I have found that Facenda did not produce evidence of actual consumer reaction. If NFL were to prevail on the second issue, regarding preemption by the Copyright Act, this would result in the reversal of my finding in favor of Facenda on his claim under 42 Pa. C.S.A. § 8316.

If only one issue is upheld on appeal, and the other denied, the judgment I have entered would be only partially reversed, and the case would go forward for a determination of damages, either on the Pennsylvania cause of action, or under the Lanham Act. Even if this were to happen, however, the result of the interlocutory appeal would be meaningful, since the statutes offer very different recovery. The Pennsylvania statute provides for injunctive relief and the recovery of damages. 42 Pa. C.S.A. § 8316(a). The Lanham Act usually permits only injunctive relief but may, where willfulness is shown, permit monetary relief in the amount of the

3

defendant's profits, triple damages, costs and possibly even attorney's fees. 15 U.S.C. § 1117(a) and 1125(c)(2). I have no hesitation, therefore, in concluding that the issues identified by NFL are controlling.

B.   There Is Substantial Ground For Difference Of Opinion

Without a doubt, there is substantial ground for difference of opinion as to both of the issues. No controlling precedent existed regarding the evidence required to support the Lanham Act claim. Or, put another way, too much precedent existed. The holding in Seale v. Gramercy Pictures, 964 F. Supp. 918 (E.D. Pa. 1997), *aff'd* 156 F.2d 1225 (3d Cir. 1998) regarding evidentiary requirements in a Lanham Act case, is flatly inconsistent with Fisions Horticulture, Inc. v. Vigoro Industries, Inc., 30 F.3d 466, 472 n.8 (3d Cir. 1994). For that reason, I took a broad canvas of Lanham Act cases decided in the Third Circuit, and false endorsement cases decided in this circuit and elsewhere, before reaching a decision.

As to the second issue, no federal or Commonwealth case has considered the circumstances under which a case brought under 42 Pa. C.S.A. § 8316 is preempted by the Copyright Act. In fact, the only case besides my decision to cite that statute is Tillery v. Leonard & Sciolla, 437 F. Supp.2d 312 (E.D. Pa. 2006), which has no preemption issue. In many cases, courts have found that claims under statutes protecting the right to identity are not preempted by copyright law. See, e.g. Toney v. L'Oreal, 406 F.3d 905 (7th Cir. 2004); Wendt v. Host International, Inc., 125 F.3d 806, 810 (9th Cir. 1997). However, there is no consistent line of reasoning which would strongly suggest how the Third Circuit would respond to this specific set of circumstances.

4

III. <u>An Immediate Appeal May Advance The Termination of This Litigation</u>

An immediate appeal may well advance the termination of this litigation. If the Court of Appeals decides both issues in favor of NFL, the judgment I entered will be vacated, and judgment will be entered in favor of NFL. In that case, the trial on damages will not be necessary.

If NFL succeeds on one issue only, or on neither, the interlocutory appeal will still favor the just and efficient trail of this litigation. Even though a trial on damages will still be necessary, the guidance provided by the Third Circuit will clarify what discovery will be appropriate, and what evidence will be admissible.

IV. <u>Conclusion</u>

In accordance with the above discussion, I conclude that interlocutory appeal is appropriate in these circumstances. I also conclude that a stay of proceeding is advisable during the appeal, to prevent wasteful and unnecessary discovery. An appropriate Order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JOHN FACENDA, JR., executor of the estate of John Facenda and JOHN FACENDA, JR., in his own right | : | CIVIL ACTION |
| v. | : | |
| N.F.L. FILMS, INC., et al. | : | NO. 06-3128 |

FILED
MAY 24 2007
MICHAEL E. KUNZ, Clerk
By_____Dep. Clerk

## ORDER

AND NOW, this 24 day of May, 2007, upon consideration of Defendants' Motion to Certify Interlocutory Appeal and Stay Proceedings, docketed in this case as Document No. 42, and the response thereto, it is hereby ORDERED that undersigned's Order of May 3, 2007, is AMENDED by adding the following final paragraph:

> This Order involves controlling questions of law as to which there is substantial ground for difference of opinion and an immediate appeal from this Order may materially advance the ultimate termination of the litigation. Accordingly, this Order is certified for interlocutory appeal pursuant to 28 U.S.C. § 1292(b).

And it is FURTHER ORDERED that all proceedings in this action are STAYED pending interlocutory appeal.

BY THE COURT:

_____
JACOB P. HART
UNITED STATES MAGISTRATE JUDGE

6